### JESSE W. MILLER *v.* JAMES B. GIBSON.

The provisions in *the Magistrate's Stay Law,* (22nd March 1869, s. 8) which allows magistrates to set aside judgments, executions, &c.,— destroys vested rights, and therefore is unconstitutional, (Const. of N. C., Art. I, s. 17.) and void.

(*Murphy* v. *Merritt, ante* 502, cited and approved.)

APPEAL, from a motion to set aside a judgment, heard by *Cloud, J.,* at ROWAN, Spring Term 1869.

The action in which judgment had been given, commenced by a warrant before a Justice of the Peace. The defendant appeared and confessed judgment, on the 13th of March 1869. On the 15th, execution was issued and levied upon personal property. On the 27th of March, and before the sale, the defendant again appeared before the Justice and moved to set aside the judgment and execution, and to be allowed to plead according to the provisions of an act of the Legislature, ratified March 22nd 1869, entitled, "An Act in regard to proceedings before Magistrates." His motion was allowed, and the plaintiff appealed to the Superior Court, The case was heard by consent of parties, before his Honor, who being of the opinion that the action of the Justice was unwarranted by law and void, and without any other or further effect than the act of any other person, declared the case "*coran non judice;*" and, on the ground that there was no judgment

appealed from, dismissed the appeal. Whereupon the plaintiff appealed to this Court.

*K. Craige*, for appellant.

*W. H. Bailey* and *McCorkle*, contra.

READE, J. It is not insisted that there was any irregularity in entering judgment—it was by confession—or in the issuing or levying of the *fi. fa.* After ten days from the rendition of the judgment, the whole matter was beyond the control of the magistrate; he had no power to set it aside, or to grant an appeal. Rev. Code, ch. 62, s. 26.

But it is insisted that while that was so under the law as it existed at the time of the rendition of the judgment (March 13th 1869), yet that on the 22nd March 1869, the Legislature passed an act commonly called the magistrate's stay-law which (s. 8) authorized the magistrate, on application of the defendant, to set aside the judgment and *fi. fa* , and stay proceedings, &c. This provision in said act is void, for the reason that it directs the magistrate to destroy vested rights. Constitution, Art. I, s. 17. The levy of the *fi. fa.*, which was prior to the passage of the act, created a lien upon the debtor's property in favor of the creditor, and it was not in the power of the Legislature to destroy the lien. We agree with his Honor below. The appeal will be dismissed, and judgment here against the defendant for costs. See *Murphy* v. *Merritt* at this term.

PER CURIAM.                    Appeal dismissed.